```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOHNNY RUTLEDGE and NEFFA LANE,            Case No. 21 CV 4436
            Plaintiff,
                                           **COMPLAINT**
    -against-
                                           JURY DEMAND
THE CITY OF NEW YORK, DETECTIVE
GINA M. GRIFFIN [SHIELD #246],
SERGEANT THOMAS GAGLIARDI [SHIELD
#996], DETECTIVE NOVONIL CHOUDHURY
[SHIELD #6346], and JOHN DOE AND JANE
DOE #1-8 (the names John and Jane Doe being
fictitious, as the true names are presently unknown),
            Defendants.
------------------------------------------------------------------------X
```

Plaintiffs, JOHNNY RUTLEDGE and NEFFA LANE, by their attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, Detective Gina M. Griffin [Shield #246], Sergeant Thomas Gagliardi [Shield #996], Detective Novonil Choudhury [Shield #6346], and John Doe and Jane Doe #1-8 (collectively, "Defendants"), respectfully allege as follows:

<u>NATURE OF THE ACTION</u>

1. This is an action at law to redress the deprivation of rights secured to the plaintiffs under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiffs by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §1983, [and arising under the law and statutes of the City and State of New York].

<u>JURISDICTION</u>

2. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## THE PARTIES

4. Plaintiffs are and were at all times material herein residents of the United States and the State of New York.

5. Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

6. The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

7. Defendant Detective Gina M. Griffin [Shield #246] was at all times material herein a detective employed by the NYPD. She is named here in her official and individual capacities.

8. Defendant Sergeant Thomas Gagliardi [Shield #996] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

9. Defendant Detective Novonil Choudhury [Shield #6346] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

10. Defendants John Doe and Jane Doe #1-8 were at all times material herein individuals and/or officers employed by the NYPD. They are named here in their official and individual capacities.

11. Defendants Griffin, Gagliardi, Choudhury, and John Doe and Jane Doe #1-8 are collectively referred to herein as "defendant officers".

12. At all times material to this Complaint, the defendant officers acted towards plaintiffs under color of the statutes, ordinances, customs, and usage of the State and City of New York.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

13. On or about August 30, 2018, at approximately 6:00 a.m., defendant officers, acting in concert, arrested the plaintiffs without cause at 14-76 Beach Channel

Drive, Apt. 4D, Far Rockaway, New York ("premises"), and initially charged each plaintiff with N.Y. PL 220.16(1) 'Criminal possession of a controlled substance in the third degree', N.Y. PL 220.50(2) 'Criminally using drug paraphernalia in the second degree', N.Y. PL 220.50(3) 'Criminally using drug paraphernalia in the second degree', and N.Y. PL 221.15 'Criminal possession of marihuana in the fourth degree'.

14. Plaintiffs, however, were not in possession of any contraband and did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

15. Initially, defendant officers broke down the entrance door and stormed into the premises.

16. Upon storming into the premises, defendant officers immediately handcuffed the plaintiffs and their co-arrestee/defendants, James Hill and James Ryant, and placed them in the living room located therein.

17. Plaintiffs complained that the handcuffs were too tight and were causing them to experience pain and numbness.

18. Plaintiffs pleaded with defendant officers to remove or loosen the handcuffs.

19. Defendant officers refused plaintiffs' entreaties to remove or loosen the handcuffs.

20. Defendant officers subjected the plaintiffs to an illegal search.

21. Defendant officers did not recover any contraband from their unlawful search of the plaintiffs.

22. At all times material to this Complaint, no contraband was located in plain view and no contraband was located in any area where it could be argued that the plaintiffs saw such contraband, had regular access to such area and/or exercised dominion and control over the area.

23. Eventually, defendant officers forcibly removed the plaintiffs from the premises and transported the plaintiffs to NYPD-101st Precinct.

24. Defendant officers further subjected the plaintiffs to an intrusive and illegal visual body cavity search at the precinct forcing the plaintiffs to undress in their presence, and to bend over, and/or squat and cough, while naked.

25. Defendant officers did not recover any contraband from their unreasonable and unlawful search of the plaintiffs.

26. Notwithstanding the above, defendant officers continued to detain the plaintiffs.

27. At some point following their arrest, defendant officers met with prosecutors employed by the Queens County District Attorney's Office.

28. During this meeting, defendant officers falsely stated to the prosecutors, among other things, that the plaintiffs committed the charged crime/offense(s), and later forwarded to the prosecutors their falsified police records and reports.

29. Relying upon the falsified police records, reports and statements, the prosecutors initiated criminal actions against the plaintiffs.

30. The plaintiffs were eventually arraigned the same day on a criminal court complaint charging each plaintiff with N.Y. PL 221.05 'Unlawful possession of marihuana in the second degree'.

31. Upon arraignment, the false charge(s) levied against the plaintiffs were summarily dismissed.

32. Each and every officer who responded to and/or was present at the location of the arrest and/or at the precinct, station house or facility knew and was fully aware that the plaintiffs did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

33. Further, each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the assault knew and was fully aware of the assault and had a realistic opportunity to intervene to prevent the serious harm detailed above from occurring.

34. Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiffs.

35. As a result of the aforesaid actions by defendants, plaintiffs suffered and continue to suffer emotional distress, fear, embarrassment, humiliation,

shock, discomfort, loss of liberty, loss of rights to familial association, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers

36. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 35 of this complaint as though fully set forth herein.

37. The conduct of defendant officers, as described herein, amounted to false arrest.

38. Such conduct violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

39. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: MALICIOUS PROSECUTION - against defendant officers

40. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 39 of this complaint as though fully set forth herein.

41. Defendant officers forwarded to the prosecutors their falsified records and statements.

42. Relying upon the records and statements, the prosecutors initiated criminal actions against the plaintiffs.

43. Plaintiffs were arraigned on a criminal court complaint sworn to by defendant officers falsely charging the plaintiffs with crime(s).

44. Plaintiffs were required to, and did, appear in court to defend themselves from the false charge(s) levied against them with malice by defendants.

45. Because of the conduct of the defendants, plaintiffs were maliciously prosecuted.

46. Eventually, the criminal proceedings terminated in plaintiffs' favor.

47. The conduct of defendant officers, as described herein, amounted to malicious prosecution.

48. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

49. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRD CAUSE OF ACTION: EXCESSIVE USE OF FORCE - against defendant officers

50. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 49 of this complaint as though fully set forth herein.

51. The conduct of defendant officers, as described herein, amounted to excessive use of force.

52. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

53. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTH CAUSE OF ACTION: FABRICATION OF EVIDENCE - against defendant officers

54. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 53 of this complaint as though fully set forth herein.

55. Defendant officers manufactured evidence of criminality against the plaintiffs which the prosecutors relied upon to initiate criminal actions against the plaintiffs.

56. The conduct of defendant officers, as described herein, amounted to fabrication of evidence.

57. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

58. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTH CAUSE OF ACTION: UNLAWFUL ENTRY - against defendant officers

59. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 58 of this complaint as though fully set forth herein.

60. The conduct of defendant officers, as described herein, amounted to unlawful entry.

61. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

62. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTH CAUSE OF ACTION: UNREASONABLE SEARCH & SEIZURE - against defendant officers

63. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 62 of this complaint as though fully set forth herein.

64. Defendant officers subjected plaintiff to unreasonable search & seizure.

65. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

66. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTH CAUSE OF ACTION: UNREASONABLE DETENTION - against defendant officers

67. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 66 of this complaint as though fully set forth herein.

68. Defendant officers denied plaintiffs their due process right to be free from continued detention after it was or should have been known that plaintiffs were entitled to release.

69. The conduct of defendant officers, as described herein, amounted to unreasonable detention.

70. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

71. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

EIGHTH CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

72. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 71 of this complaint as though fully set forth herein.

73. That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that plaintiffs did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

74. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

75. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

76. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

NINTH CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE/SCREEN AND MUNICIPAL POLICY - against defendant City

77. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 76 of this complaint as though fully set forth herein.

78. Defendant City of New York, acting through the NYPD, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, reasonable search of individuals and/or their properties, the proper use of force, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest. In addition, defendant City had actual and/or de facto policies, practices, customs and/or usages of failing to properly screen its prospective police officers for mental fitness, history of misconduct, good moral character and propensity for violence.

79. Defendant City of New York, acting through aforesaid NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiffs, who are blacks, on the pretext that they were involved in robbery, narcotics, drugs, guns and/or other crimes.

80. Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

81. For example, in *Floyd v. City of New York*, 813 F. Supp. 2d 417, 422 (S.D.N.Y. 2011), the Southern District of New York ("SDNY") observed that the City had been accused of racial profiling on multiple occasions and that it had settled at least one of the lawsuits brought against it concerning racial profiling.

82. In *Ligon v. City of New York*, 925 F. Supp. 2d 478, 485-86 (S.D.N.Y. 2013), the SDNY observed that the City of New York, acting through the NYPD, engages in unlawful stop and frisk. *See also Davis v. City of New York*, 959 F. Supp. 2d 324 (S.D.N.Y. 2013) (same).

83. Defendant City has settled numerous lawsuits in this district against several officers assigned to the NYPD alleging, among other things, that the officers fabricated evidence, performed unreasonable searches and seizures, and falsely arrested the plaintiffs without probable cause. *See, e.g., Trevonne King v. City of New York* (19 CV 3361); *Mondaray Whitaker v. City of New York* (18 CV 6897); *Warren Monk v. City of New York* (18 CV 6458); *Justin Baker v. City of New York* (17 CV 4493); *Tony Holley v. City of New York* (17 CV 278); *Eric Davis v. City of New York* (16 CV 385); *Jimmy Wilson v. City of New York* (15 CV 6326); *Donnell Jackson v. City of New York* (15 CV 4109); *Crystal Whitfield v. City of New York* (14 CV 6085).

84. Despite the numerous complaints of civil rights violations described hereinabove, there has been no meaningful attempt on the part of defendant City to forestall further incidents and/or even to investigate claims that police officers routinely arrest innocent citizens without probable cause.

85. As a result of defendant City's failure to properly train, supervise or discipline its police officers, defendant officers unreasonably and unlawfully searched, seized, and arrested the plaintiffs.

86. Defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiffs' injuries as described herein.

87. The actions of defendants, acting under color of State law, deprived plaintiffs of their due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in

particular, the right to be secure in their persons and properties, to be free from abuse of process, the excessive use of force and the right to due process.

88. By these actions, defendants have deprived plaintiffs of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

<u>TENTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12 - against defendants</u>

89. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 88 of this complaint as though fully set forth herein.

90. By reason of the foregoing, and by arresting, detaining and imprisoning plaintiffs without probable cause or reasonable suspicion, and harassing and assaulting them and depriving them of due process and equal protection of laws, defendants deprived plaintiffs of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

91. In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiffs of their constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

92. The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully,

knowingly, and with the specific intent to deprive plaintiffs of their constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

93. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiffs' state constitutional rights.

ELEVENTH CAUSE OF ACTION: TORTS (FALSE ARREST/IMPRISONMENT) - against defendants

94. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 93 of this complaint as though fully set forth herein.

95. The conduct of the defendants, as described herein, amounted to false arrest/imprisonment.

96. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TWELFTH CAUSE OF ACTION: TORTS (MALICIOUS PROSECUTION) - against defendants

97. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 96 of this complaint as though fully set forth herein.

98. The conduct of defendant officers, as described herein, amounted to malicious prosecution.

99. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRTEENTH CAUSE OF ACTION: TORTS (ASSAULT AND BATTERY) - against defendants

100. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 99 of this complaint as though fully set forth herein.

101. By reason of and as a consequence of the conduct of defendant officers, plaintiffs sustained bodily injuries with the accompanying pain.

102. The conduct of the defendants, as described herein, amounted to assault and battery.

103. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTEENTH CAUSE OF ACTION: TORTS (TRESPASS) - against defendants

104. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 103 of this complaint as though fully set forth herein.

105. Defendants unlawfully entered into the premises.

106. Defendants performed an unlawful search of the premises, and subjected plaintiffs to unreasonable searches and seizures.

107. The conduct of defendants, as described herein, amounted to trespass.

108. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTEENTH CAUSE OF ACTION: TORTS (NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) - against defendants

109. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 108 of this complaint as though fully set forth herein.

110. The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiffs.

111. Plaintiffs' emotional distress have damaged their personal and professional lives because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the search, arrest, assault, detention and imprisonment by defendants.

112. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTEENTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES - against defendant City

113. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 112 of this complaint as though fully set forth herein.

114. Upon information and belief, defendant City failed to properly train, supervise or discipline its agents, servants, employees, officers and/or representatives, including the defendant officers, concerning correct practices in conducting investigations, reasonable search of individuals and/or their properties, the proper use of force, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

115. Upon information and belief, defendant City failed to properly screen, hire and/or retain the defendant officers.

116. Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiffs to prevent the physical and mental abuse sustained by plaintiffs.

117. Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiffs because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiffs or to those in a like situation would probably result from such conduct described herein.

118. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

119. Upon information and belief, defendant City's negligence in screening, hiring and retaining defendant officers proximately caused plaintiffs' injuries.

WHEREFORE, plaintiffs respectfully pray judgment as follows:

a. For compensatory damages against all defendants in an amount to be proven at trial;

b. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c. For costs of suit herein, including plaintiffs' reasonable attorney's fees; and;

d. For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury.

Dated: Brooklyn, New York
August 6, 2021

UGO UZOH, P.C.


By: *Ugochukwu Uzoh*
Ugochukwu Uzoh
Attorney for the Plaintiffs
56 Willoughby Street, Third Floor
Brooklyn, New York 11201
Tel. No: (718) 874-6045
Fax No: (718) 576-2685
Email: u.ugochukwu@yahoo.com